IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERAE STEFUN FREEMAN, #290080, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 1:16-cv-55-WKW |
| | ) | |
| CARTER DAVENPORT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner Terae Stefun Freeman ("Freeman"), an inmate of the Alabama Department of Corrections, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, challenging his convictions and sentences in the Circuit Court for Houston County, Alabama, for two counts of first-degree robbery, one count of first-degree assault, and one count of second-degree assault. Doc. 1. The court recommends that the petition be denied and the case dismissed.

**I. PROCEDURAL HISTORY**

A jury found Freeman guilty in the robbery and assault of James Boswell and James Freeman. Docs. 8-1 at 90-93, 8-7 at 2. The trial court order him to pay fines and Victim's Compensation Assessments. It sentenced him to twenty years in prison for the robbery convictions and ten years in prison for the assault convictions, to be served consecutively, for a total of sixty years in prison. Docs 8-1 at 105-08, 8-7 at 1.

**A. Direct Appeal**

Freeman appealed, arguing "the trial court exceeded its discretion in limiting the closing arguments to 15 minutes for each party." Docs. 8-5 at 5-24, 8-7 at 3. In particular, Freeman argued the case was complicated because one of the victims also had the last name Freeman, and both

victims had the same first time. Doc. 8-7 at 3. In addition, he argued, the case was complicated because it involved two robberies and two assaults. *Id.* Finally, he argued the assault charges could confuse the jury because first-degree assault required "serious physical injury" and second-degree assault required only "physical injury," and the terms needed to be defined to the jury. *Id.*; *see also* Doc. 8-5 at 16-21.

The Alabama Court of Criminal Appeals rejected the issue raised on the ground that Freeman did not preserve it for appellate review by making a timely, specific objection and obtaining an adverse ruling on it. Doc. 8-7 at 3-5. Under the law in Alabama, it explained:

> "'To preserve an issue for appellate review, the issue must be timely raised and specifically presented to the trial court and an adverse ruling obtained. The purpose of requiring an issue to be preserved for review is to allow the trial court the first opportunity to correct any error.' *Mitchell v. State*, 913 So.2d 501, 505 (Ala. Crim. App. 2005). 'A motion for a new trial will not preserve for appellate review issues that arose during trial that were not objected to at the time they arose.' *Glass v. State*, 14 So.3d 188, 194 (Ala. Crim. App. 2008).

*Id.* (quoting *Cochran v. State*, 111 So.3d 148, 153-54 (Ala. Crim. App. 2012)). The Court of Criminal Appeals recounted several opportunities when Freeman's counsel could have, but did not, object to the time limit for closing arguments and obtain an adverse ruling on it.

Initially, the trial court informed the parties they had only fifteen minutes for closing arguments. *Id.* at 3. Counsel did not object. *Id.* After the trial court handled an objection by the prosecution during the defense's closing, the trial court told defense counsel, "You've got a minute and thirty seconds [Defense Counsel]." *Id.* (alteration in original). Counsel did not object. *Id.*

Defense counsel first objected at the end of his own closing argument, stating, "And I would object to not having additional time." *Id.* Counsel did not, however, obtain a ruling on the objection or explain the grounds for the objection. *Id.* at 5.

After the jury began deliberating, defense counsel objected for a second time to the fifteen-minute limit on closing arguments. *Id.* at 3. Counsel explained the time limit affected the defense more than the prosecution, especially because the four separate charges were serious, and counsel did not have enough time to cover the issues and evidence in fifteen minutes. *Id.* at 4. The trial court responded, "Your objection is noted." *Id.* Again, counsel did not obtain an adverse ruling. *Id.* at 4-5. The Court of Criminal Appeals pointed out that Freeman's objection after the jury began deliberating was too late for the court to correct the error. *Id.* at 5. It also pointed out that although Freeman's counsel offered several reasons against the fifteen-minute limit when he objected after the jury began deliberating, counsel did not raise two of the three bases for the objection that Freeman raised in his appeal. *Id.* at 5.

Finally, counsel argued in his posttrial motion that the trial "court abused or exceeded its discretion in limiting closing arguments to 15 minutes." *Id.* at 4. The trial court denied the motion. *Id.* The Court of Criminal Appeals characterized this last objection as both "lacking specificity" and unpreserved because the issue "arose during trial but was not properly objected to at the time it arose." *Id.* at 5.

The Court of Criminal Appeals went on to state that "there is no indication that the trial court exceeded its discretion." *Id.* It explained, "Freeman argues concerning what may have been confusing to the jury; however, he makes no argument as to what he might have argued to negate the jury's confusion or how more time would have been beneficial." *Id.* The Court of Criminal appeals added that Freeman's arguments regarding time limits on his closing argument were not preserved for review, but trial courts do not have unlimited discretion in setting time restraints for arguments. *Id.* It listed certain circumstances where such limits might constitute an abuse of

3

discretion that denies a defendant due process and the right to present the defendant's case to the jury. *Id.* at 5-6.

The Court of Criminal Appeals denied rehearing. The Alabama Supreme Court denied further review. A certificate of judgment issued on July 11, 2014. Docs. 8-9, 8-11, 8-12.

### B. Rule 32 Petition

In early 2015, Freeman sought postconviction relief under Alabama Rule of Criminal Procedure 32.[1] Doc. 8-13 at 12. Freeman raised a number of issues in his Rule 32 petition, but he raises none of them in his petition for federal habeas relief under 28 U.S.C. § 2254. *Compare* Doc. 8-16 at 2-3 (appellate decision listing Rule 32 arguments) *with* Doc. 1 at 16-33 (§ 2254 petition claiming only that the trial court abused its discretion in limiting closing arguments to 15 minutes). In a one-sentence order, the Circuit Court denied Freeman's Rule 32 petition. Docs. 8-13 at 94, 8-16 at 3.

Freeman appealed, arguing "the circuit court erred by denying him an evidentiary hearing on his 'meritorious claims.'" Doc. 8-16 at 3 (footnote omitted). The Alabama Court of Criminal Appeals determined that Freeman waived or insufficiently pleaded all of his Rule 32 claims on appeal. *Id.* at 4-6. A certificate of judgment issued on August 26, 2015. Doc. 8-17.

### II. HABEAS PETITION AND RESPONDENTS' ARGUMENTS

Freeman raises only one claim in his § 2254 petition. It is the same claim he raised on direct appeal.[2]  Doc. 1 at 5, 16. Freeman makes no new argument to support his claim but instead attaches

---

[1] Freeman also filed a petition for federal habeas relief on April 8, 2015. *Freeman v. Davenport*, 1:15-cv-00226-WKW (M.D. Ala.), Doc. 1. His only claim was the state court erred in limiting his closing argument to 15 minutes. *Id.* The petition was dismissed without prejudice on July 13, 2015, to allow Freeman to exhaust his state-court remedies regarding his then-pending Rule 32 claims. *Id.*, Doc. 11, adopting Rec. Doc. 10.
[2] It is the same claim Freeman raised in *Freeman v. Davenport*, 1:15-cv-00226-WKW (M.D. Ala.), Doc. 1.

4

a copy of the portion of his appellate brief related to the issue. *Compare* Doc. 1 at 16-33 *with* Doc. 8-5 at 5-24.

Respondents admit that Freeman's petition is timely. Doc. 8 at 9. They argue that Freeman cannot obtain federal review of his claim because he defaulted it in state court pursuant to an adequate and independent state procedural rule. *Id.* at 10. Respondents argue Freeman makes no attempt to show, and they argue he cannot show, cause and prejudice for the default of his claim or that a fundamental miscarriage of justice would result if this court does not review his procedurally defaulted claim. *Id.* at 11. Respondents further argue that the state court alternatively and correctly decided the merits of Freeman's claim. *Id.* at 10, 12-13. They argue that Freeman makes no attempt to show, and they argue he cannot show, that the state court's adjudication of the merits of his claim warrants habeas relief under 28 U.S.C. § 2254(d)(1). *Id.* at 14.

This court entered an order inviting Freeman to response to the answer, and advising Freeman of the constraints that 28 U.S.C. § 2254(d) places on federal courts to grant relief, including procedural default of federal claims, as well as the ways to overcome default. Doc. 9. Freeman did not respond. After reviewing the § 2254 petition, Respondents' answer, the state court record, and applicable federal law, the court concludes that no evidentiary hearing is required, and the petition is due to be denied in accordance with the provisions of Rule 8(a), Rules Governing Section 2254 Cases in United States District Courts.

### III. DISCUSSION

#### A. Exhaustion and Default Principles

The procedural default doctrine is closely related to the exhaustion requirement in § 2254 cases. To preserve a federal claim for habeas review, principles of exhaustion require a petitioner to present the federal claim and facts supporting it to the state's highest court, either on direct

appeal or on collateral appeal through postconviction proceedings. *See Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003) (holding exhaustion principles apply to state postconviction proceedings as well as direct appeal). A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Pruitt*, 348 F.3d at 1359. In Alabama, this requires filing an appeal to the Court of Criminal Appeals, an application for rehearing, and a petition for discretionary review with the Alabama Supreme Court. *See Pruitt*, 348 F.3d at 1359 (describing Alabama procedures for discretionary review); *Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001) ("Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule."). Doing so gives the state courts the first opportunity to apply controlling law to their case and petitioner's claim. *See Duncan v. Walker*, 533 U.S. 167, 179 (2001) ("The exhaustion rule promotes comity in that 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" (further quotation marks and citations omitted)).

Federal habeas review is also unavailable if the state court decision was made on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The court "presume[s] that there is no independent and adequate state ground for a state court decision when the decision 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.'"

6

*Coleman*, 501 U.S. at 735 (quoting *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983)). In the rest of the cases, however, the court makes no such presumption. *Coleman*, 501 U.S. at 739.

If the last reasoned opinion "fairly appear[s] to rest primarily upon federal law," then the court presumes the subsequent order relies on federal law. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) (citation omitted). Similarly, if the last reasoned order invoked procedural default, then the court "presume[s] that a later decision rejecting the claim did not silently disregard that bar and consider the merits." *Id.*; *cf. Wilson v. Warden, Georgia Diagnostic Prison*, 834 F.3d 1227, 1235 (11th Cir. 2016) (en banc) (*Ylst* applies in context of procedural default, but "[f]ederal [c]ourts [n]eed [n]ot '[l]ook [t]hrough' a [s]ummary [d]ecision on the [m]erits to [r]eview the [r]easoning of the [l]ower [s]tate [c]ourt"), *cert. granted sub nom. Wilson v. Sellers*, 137 S. Ct. 1203 (2017); *and see Martinez v. Sec'y, Florida Dep't of Corr.*, 684 F. App'x 915, 921 (11th Cir. 2017) (unpublished) ("Prior to *Wilson*, other panels in this Circuit 'looked through' a summary affirmance and reviewed 'the last reasoned state court decision' to address the issue."). If a state court plainly holds that a claim is barred under an adequate and independent state court ground, then this federal court may not review the claim even if the state court also rejected the federal claim on the merits in the alternative. *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989) ("a state court need not fear reaching the merits of a federal claim in an *alternative* holding" when the adequate and independent state ground "is a sufficient basis for the state court's judgment").

To rely on a state court's procedural bar of a federal claim, three conditions must be met: (1) the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim, (2) the state court decision must rest entirely on state law grounds and not be intertwined with an interpretation of federal law, and (3) the state procedural rule must be firmly established

and regularly followed at the time it was applied. *Ward v. Hall*, 592 F.3d 1144, 1156-57 (11th Cir. 2010); *see also id.* at 1156 n.5 (noting the caveat that, "'Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.'") (quoting *Ylst*, 501 U.S. at 803); *see Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural default is not an "independent and adequate state ground" barring subsequent federal review unless the state rule was "'firmly established and regularly followed'" at the time it was applied). To be adequate, the state rule "must not be applied in an arbitrary or unprecedented fashion. . . . [it] cannot be 'manifestly unfair' in its treatment of the petitioner's federal constitutional claim to be considered adequate for the purposes of the procedural default doctrine." *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001) (citation omitted).

If a petitioner did not present a claim to the highest state court but would now be unable to present the claim in state court because of a state procedural rule, for example, requirements on time limits for filing, such a petitioner "meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman*, 501 U.S. at 732. But the petitioner has "procedurally defaulted" the federal claim under an adequate and independent state rule, that is, the timely filing requirements. *See id.* at 750. Federal claims which have never been presented to a state court or claims which were not exhausted properly in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by firmly established and regularly followed state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) (where state court remedies are no longer available because petitioner failed to present claim on direct appeal or in state postconviction action, petitioner has procedurally defaulted claims and is generally barred from asserting claims in a federal habeas proceeding); *Coleman*, 501 U.S. at

735 n.1 ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas.") (citations omitted); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by firmly established and regularly followed state procedural rules, such claims are procedurally defaulted).

> This court may reach the merits of procedurally defaulted claims in two instances:
>
> First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); *[Wainwright v.]* Sykes, 433 U.S. [72], 87 [(1977)]. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id.*; *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002). Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96. A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id.*

*Henderson*, 353 F.3d at 892; *see also Coleman*, 501 U.S. at 750.

### B. Procedural Default of Federal Claim

Freeman raised his federal claim on direct appeal, but he did not preserve it for review properly under Alabama law, therefore the Alabama Court of Criminal Appeals refused to review it. The Alabama state procedural rule requiring timely and proper preservation of issues for appeal was firmly established and regularly followed at the time it was applied in 2014 to Freeman's case. *E.g.*, *Ex parte Malone*, 12 So.3d 60, 66 (Ala. 2008) ("Because Malone did not raise before the trial court the issue of allowing a question to be asked after the parties had rested their cases, the trial

9

court did not have an opportunity to correct its error, and Malone did not properly preserve the issue for appeal."); *Ex parte Coulliette*, 857 So.2d 793, 794-95 (Ala. 2003) ("The purpose of requiring a specific objection to preserve an issue for appellate review is to put the trial judge on notice of the alleged error, giving an opportunity to correct it before the case is submitted to the jury.") (quotation marks and citation omitted). Although the Court of Appeals may have considered the merits in the alternative, the adequate and independent state procedural ground was a sufficient basis for the state court's judgment. *See Harris*, 489 U.S. at 264 n.10 ("a state court need not fear reaching the merits of a federal claim in an *alternative* holding" when the adequate and independent state ground "is a sufficient basis for the state court's judgment"). This court presumes that the Alabama Supreme Court also rejected Freeman's claim based on his procedural default. *See Ylst*, 501 U.S. at 803 ("[W]here, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits."); *cf. Wilson*, 834 F.3d at 1235 (discussing summary decisions on the merits). Consequently, Freeman's habeas claim is procedurally defaulted pursuant to an adequate and independent state court ground. He does not attempt to show he should be excused from the default, and this court determines there are no grounds to excuse Freeman's procedural default of his § 2254 claim. *See Henderson*, 353 F.3d at 892 (describing cause and prejudice standards); *see also Coleman*, 501 U.S. at 750. Therefore, Freeman's federal claim cannot be reviewed and the petition is due to be dismissed with prejudice.

### C. Review on the Merits

To the extent that the Alabama state courts ruled on the merits of a federal constitutional claim, Freeman is not entitled to habeas relief. For claims properly before a federal court, a writ of habeas corpus shall be granted only if the prior adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court recently reemphasized how deferential the standard is, stating "[t]he state court decision must be 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citation omitted). Factual issues made by a state court are presumed correct, and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Except for certain kinds of error that require automatic reversal, even when a state petitioner's federal rights are violated "relief is appropriate only if the prosecution cannot demonstrate harmlessness." *Davis v. Ayala*, 135 S. Ct. 2187, 2197 (2015); *see also Glebe v. Frost*, 135 S. Ct. 429, 430-31 (2014) ("Only the rare type of error—in general, one that infect[s] the entire trial process and necessarily render[s] [it] fundamentally unfair—requires automatic reversal.") (quotation marks omitted, alterations in original). "Harmlessness" in the context of section 2254 means "the federal court has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict." *Davis*, 135 S. Ct. at 2197-98 (quotation marks omitted). These strict limitations reflect that habeas relief is granted sparingly, reserved for "extreme malfunctions in the state criminal justice systems" and "not as a means of error correction." *Greene v. Fisher*, 565 U.S. 34, 38 (2011) (quotation marks omitted).

A presiding judge cannot deny a defendant the opportunity to present a closing argument, but "[t]he presiding judge must be and is given great latitude in controlling the duration and limiting the scope of closing summations." *Herring v. New York*, 422 U.S. 853, 862-63 (1975);

11

*see also Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) ("The right to effective assistance extends to closing arguments."). Here, as the state court pointed out, Freeman did not suggest what he might have argued in closing to negate any potential confusion or how more time would have helped him. Doc. 8-7 at 5. The state court decision was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Any error made regarding closing arguments was harmless. Freeman, therefore, is not entitled to habeas relief under § 2254(d).[3]

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Terae Stefun Freeman be DENIED and DISMISSED with prejudice.

It is further

ORDERED that on or before February 12, 2018, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of

---

[3] Freeman does not ask for an evidentiary hearing, and none is required because "the record refutes the applicant's factual allegations or otherwise precludes habeas relief." *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.").

factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 25th day of January, 2018.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE